Mr. Justice Wyly dissents, and reserves the right to file his reasons.

## No. 6081.

### DR. D. MENG VS. THE PARISH OF ST. CHARLES.

Except for the sum of twenty-five dollars, being a warrant of the parish of St. Charles in favor of one Durapau, this suit is for services rendered by the plaintiff as a physician employed under an ordinance of the police jury. Warrants issued to plaintiff for those services are offered in evidence to corroborate the other evidence introduced to support plaintiff's claim. That part of plaintiff's claim which rested on the Durapau warrant should not have been allowed, under previous decisions of this court. In other respects the judgment of the judge a quo in favor of plaintiff is correct.

APPEAL from the Fourth Judicial District Court, parish of St. Charles. Flagg, J. James D. Augustin, for plaintiff and appellee. Noel St. Martin, Parish Attorney, and Breaux, Fenner & Hall, for defendant and appellant.

LUDELING, C. J. This is a suit for services rendered as physician, under an ordinance of the police jury, and for the amount of twenty-five dollars, being a warrant issued by the police jury in favor of one Durapau. The defendant filed a general denial. In this court the de-

Meng vs. the Parish of St. Charles.

fendant alleges that the suit is instituted on parish warrants and does not differ from the cases of Flagg et al. against the parish of St. Charles, decided last term, and Mathé vs. the parish of Plaquemines. .

Except for the sum of twenty-five dollars, already mentioned, this suit is for services rendered by the employee. The warrants are offered in evidence to corroborate the other evidence introduced to support plaintiff's claim. The claim for the warrant of Durapau should not have been allowed under the decisions of this court in Sterling vs. Feliciana and Mathé vs. parish of Plaquemines. But in other respects the judgment is correct.

It is therefore ordered that the judgment be amended by striking out this item of twenty-five dollars, and in other respects that the judgment be affirmed. The costs of appeal to be paid by appellee.

————————

WYLY, J., *dissenting.* S. W. Burbank and twenty-three other property-holders of the parish of St. Charles have appealed from the judgment herein for nine hundred and fifteen dollars which plaintiff obtained against the parish of St. Charles on parish warrants.

Plaintiff alleges that he was employed by the police jury of the parish of St. Charles as parish physician for the years 1873 and 1874 at a salary of six hundred dollars per annum; that he received from time to time in evidence of the indebtedness of said parish to him for said professional services certain orders or warrants drawn by the secretary of the said police jury on the treasurer of said parish of St. Charles, approved and countersigned by the president of the police jury, and also duly registered, approved, and countersigned by the treasurer of the police jury; the petition mentions the number, date, and amount of each of the warrants drawn in favor of plaintiff for his salary as parish physician; plaintiff also alleges that he is the owner and holder of a similar warrant dated September 10, 1873, for twenty-five dollars, drawn to the order of A. Durapau for salary as parish treasurer, which was duly indorsed and transferred to him. Plaintiff also alleges that he has made repeated amicable demands on the parish treasurer for payment of said warrants, and payment has been refused. He prays for judgment against the parish for the amount of said warrants, and that the tax collector be required to collect a sum sufficient to pay the same.

The only evidence offered to support the demand of plaintiff was the warrants of the police jury, an extract from the minutes of the police jury showing that Dr. Meng was appointed parish physician and the salary was six hundred dollars, and the deposition of plaintiff, Dr. Meng.

He testifies in substance that he has practiced medicine since 1842;

that he was appointed parish physician of the parish of St. Charles; that he has rendered the services worth the sum claimed—it was his salary as was understood between the police jury and himself—that he is a licensed physician, and that the signature of A. Durapau is genuine.

The suit is based upon parish warrants, and it must be controlled by the case of Sterling vs. parish of West Feliciana, 26 An. 59, the cases of Flagg, Morgan, and others vs. the parish of St. Charles, 27 An., not yet reported, and the case of Mathé vs. parish of Plaquemines, 28 An., not yet reported.

In Sterling's case this court held: "The position that the warrants or negotiable instruments of indebtedness which are the objects of this suit were issued to defray the necessary expenses of the parish is not tenable. The police jury was not authorized to do it in any other way than by levying and collecting a tax for that purpose. Said negotiable instruments are null and void."

The same doctrine was applied in the cases of Flagg and others vs. the parish of St. Charles, where it was shown that the warrants were issued for salaries of parish officers. And it was more recently applied in the case of Mathé vs. the parish of Plaquemines, where it was proved that the warrants were given in evidence of the necessary expenses of the parish and for fees allowed by law.

The uniform ruling of this court has been that the parishes have no authority to put in circulation negotiable instruments like those in suit, and they are absolutely void. The rights of the parties, however, have been reserved to sue the parishes upon any valid claims they may have. If the jurisprudence has been settled upon any point it is upon this, that recovery can not be had in a suit upon parish warrants, it matters not the consideration thereof.